## VANDER MOLEN v. KENNARD

TRIAL—EVIDENCE—JURY QUESTION.

Refusal of trial court to submit issues to jury as to whether there was an oral revocable trust and a fiduciary relationship between a decedent and defendants *held*, error where review of the trial transcript shows there was sufficient evidence in the record to require submission to the jury.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 April 11, 1969, at Grand Rapids. (Docket No. 5,014.) Decided May 28, 1969.

Complaint by Robert H. Vander Molen and Jean W. Vander Molen, husband and wife, and Robert J. Miller, executor of the estate of M. Pearl Lindsay, deceased, against George A. Kennard and Mary F. Kennard, husband and wife, and American Telephone & Telegraph Company, a New York corporation, and Kellogg Company, a Delaware corporation, for declaratory judgment to establish ownership of

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 171, 172, 175.

stock in defendant corporations. Verdict and judgment for defendants Kennard. Plaintiffs appeal. Reversed and remanded.

*Miller, Johnson, Snell & Cummiskey* (*Stephen C. Bransdorfer* and *Peter A. Patterson,* of counsel), for plaintiffs.

*Roach, Twohey & Benson,* for defendants George and Mary Kennard.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

QUINN, P. J. Plaintiffs filed this action for a declaratory judgment to establish title and ownership of stock in defendant corporations. January 2, 1953, M. Pearl Lindsay executed transfers of stock certificates issued by these corporations from her name to herself and George A. and Mary F. Kennard jointly. Mrs. Lindsay retained possession of the certificates during her lifetime and received all income therefrom. The Kennards paid nothing for the stock.

At the close of plaintiffs' proofs on motion of defendants, the trial judge ruled that there was insufficient evidence to support plaintiffs' theories of a fiduciary relationship between the Kennards and Mrs. Lindsay on an oral revocable trust, and these issues were not submitted for jury consideration. The only issue submitted for jury determination was whether or not Mrs. Lindsay intended to make a present *inter vivos* gift of the stock to the Kennards. Jury verdict was in favor of defendants and plaintiffs' appeal questions the propriety of the trial court's ruling relating to the fiduciary relationship and oral revocable trust theories.

Our review of the trial transcript convinces us that there was sufficient evidence in the record to require jury submission of the questions of fiduciary relationship and oral revocable trust.

Reversed and remanded for new trial, with costs to plaintiffs.

All concurred.